Filed 4/6/21  P. v. Crowder CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CHAUNCEY CROWDER,<br><br>        Defendant and Appellant. | D077981<br><br><br><br>(Super. Ct. No. RIF1602244) |

APPEAL from an order of the Superior Court of Riverside County, Mac R. Fisher, Judge.  Affirmed.

Lizabeth Weis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2017, a jury convicted Chauncey Crowder of voluntary manslaughter (Pen. Code, § 192, subd. (a)) as a lesser included offense of murder.  The jury found true an allegation that he personally discharged a firearm during the crime (§ 12022.5, subd. (a)).  Crowder admitted two serious felony prior convictions (§ 667, subd. (a)(1)) and two strikes (§ 667, subds. (b)-(i)).

The court denied Crowder's motion to strike the "strike" priors and sentenced Crowder to an indeterminate term of 39 years to life.

Crowder appealed and in March 2019, this court affirmed the conviction in an unpublished opinion. (*People v. Crowder* (Mar. 19, 2019, D074884) [nonpub. opn.].) During the pendency of the appeal, the Legislature passed Senate Bill No. 620 which permits the trial court to strike firearm enhancements. The Legislature also passed Senate Bill No. 1393 which permits trial courts to strike the serious felony priors. In our prior opinion, we held that Crowder was entitled to request the trial court to exercise its newly enacted discretion to strike the priors and the enhancement. Accordingly, we remanded the case to the trial court to permit the court to exercise its discretion.

On remand, the trial court conducted a hearing on Crowder's motions. The court considered the facts of the offense and the prior sentence. The court also reviewed Crowder's prison record.

After the review, the trial court declined to exercise its new discretion to strike the priors or the firearms enhancement. The court reinstated the original sentence.

Crowder filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Crowder the opportunity to file his own brief on appeal but, he has not responded.

## STATEMENT OF FACTS

The facts of the offense are fully set forth in our prior opinion.  We will not repeat them here.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error.  To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue that was considered in evaluating the potential merits of this appeal:  Did the trial court abuse its discretion in declining to strike Crowder's serious felony priors (§ 667, subd. (a)(1)) and firearm enhancement (§ 12022.5, subd. (a))?

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Crowder on this appeal.

## DISPOSITION

The order denying Crowder's motion to strike the serious felony priors and the firearm enhancement is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.